UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CR-20129-KING

UNITED STATES OF AMERICA,

vs.

MARIO TAVAROUS YOUNG,

       Defendant.
_____/

### ORDER GRANTING DISMISSAL WITHOUT PREJUDICE

This cause comes before the Court on defendant Mario Tavarous Young's post-remand Motion to Dismiss Indictment with Prejudice, DE 106, in which the defendant has asked this Court to dismiss the indictment against him with prejudice based on a Speedy Trial Act violation. For the reasons set forth below, the defendant's motion to dismiss with prejudice is denied, and the indictment in this case is instead dismissed without prejudice.

### I. Procedural History

On March 4, 2014, a federal grand jury in the Southern District of Florida returned a three-count indictment charging defendant Mario Tavarous Young with: possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); possessing a firearm after previously having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 2); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). DE 1. As a result of these charges, the defendant faced a statutory maximum sentence of life imprisonment on Counts 2 and 3 and twenty years on Count 1. *See id.*; *see also* 18 U.S.C. §§ 922(g), 924(c) & 924(e); 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).

On March 7, 2014, this Court entered its *Order Setting Trial Date* in which it set the trial in this case for the two-week trial period commencing on June 23, 2014. DE 3. Among other things, that Order specifically advised the parties as follows:

> **ALL PARTIES SHALL TAKE NOTICE THAT THE SCHEDULED TRIAL DATE IN THE ABOVE-STYLED CASE MAY BE SET BEYOND THE TIME LIMITS OF THE SPEEDY TRIAL ACT. THE COURT SHALL DEEM SPEEDY TRIAL TO BE WAIVED UNLESS THE PARTIES OTHERWISE NOTIFY THE COURT WITHIN TEN (10) DAYS AFTER RECEIPT OF THIS ORDER THAT THEY OBJECT TO THIS TRIAL DATE AND INSIST, IN WRITING, ON A TRIAL DATE WITHIN THE SPEEDY TRIAL ACT DEADLINES.**

DE 3 at 1. Neither of the parties ever objected within that ten-day period or within the Speedy Trial Act period to the scheduled trial date nor requested a trial within 70 days of the defendant's indictment or appearance in this case.

On March 14, 2014, the defendant was arrested in this case and was brought before the court for his initial appearance. DE 7, 8, 18. At that time, the government requested that the defendant be detained pending his trial, and the defendant's arraignment and pre-trial detention hearing were accordingly scheduled for March 19, 2014. DE 8, 9.

On March 19, 2014, the defendant appeared before Magistrate Judge Torres, who arraigned the defendant on the charged offenses and, following a pre-trial detention hearing, granted the government's motion that the defendant be detained pending trial. DE 9, 10, 12; DE 22 at 3, 20.

On June 11, 2014, the defendant, through counsel, filed an unopposed motion to continue the trial in this case. DE 23. In that motion, defense counsel reported that "Defendant's investigation of this case is ongoing and Defendant respectfully requests additional time so as to finish his investigation and complete his preparations for trial." DE 23 at 1. In addition, defense counsel reported scheduling conflicts (travel outside the State of Florida and a trial and two

2

additional hearings in Key West) during both weeks of the scheduled two-week trial calendar. DE 23 at 1-2. The defense accordingly requested that the case "be continued for at least 30 days." DE 23 at 2.

On June 12, 2014, this Court granted the defense motion for continuance and reset the trial for the trial period beginning on September 8, 2014. DE 24 at 1. In that Order, the Court again specifically advised the parties as follows:

> **ALL PARTIES SHALL TAKE NOTICE THAT THE SCHEDULED TRIAL DATE IN THE ABOVE-STYLED CASE MAY BE SET BEYOND THE TIME LIMITS OF THE SPEEDY TRIAL ACT. THE COURT SHALL DEEM SPEEDY TRIAL TO BE WAIVED UNLESS THE PARTIES OTHERWISE NOTIFY THE COURT WITHIN TEN (10) DAYS AFTER RECEIPT OF THIS ORDER THAT THEY OBJECT TO THIS TRIAL DATE AND INSIST, IN WRITING, ON A TRIAL DATE WITHIN THE SPEEDY TRIAL ACT DEADLINES.**

DE 24 at 1. Neither of the parties objected within that ten-day period nor requested an earlier trial date.

More than two months later, on August 20, 2014, the defendant filed a *pro se* motion to dismiss the indictment on the ground that his right to a speedy trial had been violated. DE 26; *see also* DE 40. Magistrate Judge Torres, to whom that motion was referred (DE 27), thereafter held a hearing on the defendant's *pro se* motion to dismiss and issued a report recommending that the defendant's motion be denied. DE 42, 86; *see also* DE 28, 30, 41.

On September 8, 2014, during the first day of the defendant's trial, this Court heard argument on the defendant's *pro se* motion to dismiss the indictment. DE 92 at 72-95. After considering the arguments of the parties, this Court adopted Magistrate Judge Torres's report and recommendation. DE 92 at 87, 93. This Court specifically found that its granting of the defendant's June 11, 2014, motion for continuance of trial had been made "in the interest of justice and the best interest of the Defendant and the public" because "it was appropriate at the

3

time . . . to grant Defendant's motion to allow him to have time to prepare his case." DE 92 at 88-89. The Court concluded that those interests included the fact that the defense had needed more time to conduct investigations and prepare for trial and the fact that defense counsel was previously scheduled to be out of the State of Florida and had conflicting court appearances in Key West during the scheduled trial period. DE 92 at 90-92. This Court thereafter memorialized its findings and ruling on the defendant's motion to dismiss in a written order. DE 57.

The defendant's trial thereafter proceeded from September 8 to September 10, 2014. DE 44, 45, 55, 92, 95, 96. At the conclusion of that trial, the jury found the defendant guilty on Counts 1 and 2, and not guilty on Count 3. DE 51. On May 14, 2015, this Court sentenced the defendant to fifteen years (180 months) of imprisonment on Counts 1 and 2, three years of supervised release, and a special assessment of $200. DE 77, 78, 89.

The defendant appealed his conviction and sentence. DE 80. On December 22, 2016, the Eleventh Circuit vacated the defendant's convictions because his trial had not commenced within the 70-day Speedy Trial Act period and remanded this case to this Court for it to dismiss the defendant's indictment and determine whether that dismissal should be with or without prejudice. DE 104. The Eleventh Circuit's mandate issued on January 20, 2017. *Id.*

## II. Analysis

As set forth in the Eleventh Circuit's opinion in this case, DE 104, and as the parties have agreed, the indictment in this case must be dismissed because the 70-day period for commencing the defendant's trial in compliance with the Speedy Trial Act expired before the beginning of the defendant's trial. Whether the dismissal of the indictment for this Speedy Trial Act violation should be with prejudice or without prejudice, however, falls within the discretion of this Court. *See, e.g., United States v. Taylor*, 487 U.S. 326, 335 (1988) (stating that the Speedy Trial Act left

the decision to dismiss with or without prejudice to the discretion of district courts); *United States v. Brown*, 183 F.3d 1306, 1309 (11th Cir. 1999). As explained below, this Court concludes that the dismissal in this case should be without prejudice.

In making the decision whether to dismiss the indictment with prejudice or without prejudice, this Court must consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case leading to the dismissal; and (3) the impact of a reprosecution on the administration of justice and the Speedy Trial Act. *Brown*, 183 F.3d at 1310 (quoting 18 U.S.C. § 3162(a)(1) and (2)); *see also, e.g., United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002).

Here, there can be no question that the first factor weighs heavily in favor of a dismissal without prejudice. As defendant has conceded in his motion to dismiss (DE 106 at 4) and at the hearing before this Court, the offenses charged in this case are serious. Indeed, they are very serious offenses which carry a statutory maximum of life imprisonment on Count 2 and twenty years of imprisonment on Count 1. *See* DE 1; 18 U.S.C. §§ 922(g) & 924(e); 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); *see also, e.g., Williams*, 314 F.3d at 559 (recognizing seriousness of drug offenses); *United States v. Mitchell*, 374 F. App'x 859, 864 (11th Cir. 2010) ("[T]here is no question . . . that a felon-in-possession [of a firearm] offense is a serious crime."). Indeed, on May 14, 2015, this Court sentenced the defendant to 15 years of imprisonment following his conviction on these charges. DE 78. The seriousness of the defendant's drug trafficking and firearms offenses thus weighs heavily in favor of a dismissal without prejudice.

The second factor, the facts and circumstances leading to the dismissal, also weighs heavily in favor of a dismissal without prejudice. Here, this Court's *Order Setting Trial Date* alerted the parties that it was possible that the scheduled trial date in this case was set "beyond

the time limits of the speedy trial act" and directed the parties to notify the Court promptly if there was a speedy trial issue and they required an earlier trial date. DE 3 at 1. Additionally, this Court's local rules directed the parties to file periodic written speedy trial reports setting forth the computation of the speedy trial period, the excludable time, and the "final date upon which the defendant(s) may be tried in compliance with the speedy trial plan of this Court." S.D. Fla. L.R. 88.5. Yet, neither of the parties informed the Court that there was any speedy trial issue, neither requested an earlier trial date within the Speedy Trial Act period, and neither filed a report prospectively alerting the Court that the scheduled trial date presented a speedy trial problem that could not be waived or otherwise remedied by the parties' non-objection, as the *Order Setting Trial Date* (DE 3) had contemplated could happen. On the contrary, the defense appeared satisfied with the originally-scheduled trial date and, as that scheduled trial date approached, even requested a continuance of "at least 30 days" because, among other things, the "Defendant's investigation of th[e] case [wa]s ongoing and Defendant respectfully request[ed] additional time so as to finish his investigation and complete his preparations for trial." DE 23 at 1-2. Moreover, as the defendant's experienced trial counsel who has appeared regularly before this Court over the years was well aware, if the defense had requested a trial within the 70-day Speedy Trial Act period, the defendant's trial would have commenced within that 70-day period. Neither the defendant nor the government, however, chose to make that request.

The Court nevertheless recognizes that a defendant does not have to a duty to bring himself to trial. *See United States v. Miranda*, 835 F.2d 830, 834 (11th Cir. 1988). Yet, a defendant must still comply with court-ordered and local-rule-imposed obligations to alert the Court of an impending violation of the 70-day Speedy Trial Act period. *See Miranda*, 835 F.2d at 833 ("The import of the mutual obligation [created by the local rule] to report is that the

burden of smooth proceedings must rest with all parties involved, and that interested parties have a responsibility to work with the court in monitoring developments and averting speedy trial violations."); *see also* S.D. Fla. L.R. 88.5. Here, both the defendant and the government failed to comply with these obligations. Rather than alerting the Court to the speedy trial issues while they could still be remedied, the parties (the defense and government alike) both lulled the Court into believing that the parties had no objection to the trial date and that they did not believe that there was any non-compliance with the Speedy Trial Act. Indeed, the defendant did not alert the Court in any way to any speedy trial objection or issue until 89 days *after* the lapse of the 70-day speedy trial period. *See* DE 26.

As a result of these circumstances, where *all* of the parties—including the defendant—both failed to act in the face of local rules directing the parties to report to the Court if compliance with the Speedy Trial Act period was at risk and failed to file invited objections following the entry of the Court's orders setting trial dates (DE 3, 24), the Court proceeded under the mistaken belief that there was no Speedy Trial Act compliance question at issue in the case. These circumstances counsel in favor of a dismissal without prejudice. *See, e.g., Miranda*, 835 F.2d at 834. Furthermore, as a result of the defendant's failure to submit Speedy Trial Act reports and to demand or even request a trial date within the Speedy Trial Act period—especially in the face of a local rule requiring the filing of speedy trial reports and the request for objections to the trial date in the Court's *Order Setting Trial Date*—a share of the blame for the speedy trial violation is properly placed on the defendant, and that shared blame also weighs in favor of a dismissal without prejudice.[1] *See, e.g., Miranda*, 835 F.2d at 834-35; *United States v. Barnes*,

---

[1] While the parties share blame for the Speedy Trial Act violation because they did not notify the Court as directed by the local rules and court orders, the Court wishes to make clear that it does not find any bad faith or improper motive in the actions of the parties or their

7

159 F.3d 4, 17 (1st Cir. 1998) (concluding that defense blame for failing to object to non-compliant trial date and for abiding delay weighed in favor of dismissal without prejudice); *United States v. McAfee*, 780 F.2d 143, 146 (1st Cir. 1985) (factoring defense's share of blame for delay into decision that indictment should be dismissed without prejudice), *vacated on other grounds*, 479 U.S. 805 (1986); *see also United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988) ("A defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention.").

Here, the facts and circumstances that have led to the required dismissal in this case reveal nothing more than unintentional negligence, oversight, and inadvertence by *all* of the parties, which led the Court to believe that the requirements of the Speedy Trial Act had been adequately addressed. Viewed in their totality, the facts and circumstances of this case weigh heavily in favor of a dismissal without prejudice.

Finally, the third factor, the impact of a reprosecution on the administration of justice and the Speedy Trial Act, also weighs in favor of a dismissal without prejudice. The Court recognizes that "[i]n applying this factor, there is almost always 'some tension between the administration of the Act and the administration of justice,'" *Williams*, 314 F.3d at 559 (quoting *United States v. Godoy*, 821 F.2d 1498, 1506 (11th Cir. 1987)), and that the two standard arguments that arise when examining these factors tend to "neutralize each other" because "'[d]efendants can always argue that the minimal sanction of dismissal without prejudice takes the teeth out of the Act's requirements'" and "'the government can always argue that

---

counsel. The Court concludes that the parties had not acted earlier to notify the Court because they were satisfied with the trial date scheduled by the Court. Additionally, the Court wishes to make clear that it is not laying all blame for the Speedy Trial Act violation on counsel for the parties; the Court acknowledges that it also shares responsibility for the failure to comply with the Speedy Trial Act.

reprosecution furthers the public's interest in bringing criminals to trial.'" *Id.* at 559-60 (quoting *Godoy*, 821 F.2d at 1506). Yet, despite the defendant's arguments that a dismissal without prejudice is a toothless and insufficient sanction, the Court concludes, as the Supreme Court has made clear, that a "[d]ismissal without prejudice is not a toothless sanction." *Taylor*, 487 U.S. at 342 (reversing order that dismissed an indictment with prejudice due to a Speedy Trial Act violation). Indeed, under the circumstances found in this case, a dismissal without prejudice vacates both the defendant's convictions on Counts 1 and 2 and his 15-year sentence of incarceration. This Court concludes that such a dismissal without prejudice is the appropriate sanction in this case.

The Eleventh Circuit "has instructed that 'where the crime charged is serious, the court should dismiss with prejudice only for a correspondingly severe delay.'" *Williams*, 314 F.3d at 561 (quoting *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984)) (brackets omitted). Additionally, the opinion of the Eleventh Circuit in the above-styled case seems to indicate that periods of delay which occur beyond the expiration of speedy-trial clock may not be considered "excludable" under the Act. *See* DE 104 at 6 (citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), for the proposition that a deadline cannot be tolled "when there is no period remaining to be tolled."). Accordingly, the delay between the expiration of the speedy-trial clock and the commencement of the trial was 108 days,[2] and the Court declines to label the period between the filing of Defendant's motion for continuance on June 12, 2014 (DE 23) and the

---

[2] The Eleventh Circuit concluded on appeal that the 70-day Speedy Trial Act period in the defendant's case "expired on May 23, 2014." DE 104 at 5. The trial in this case commenced 108 days later on September 8, 2014.

9

commencement of the trial on September 8, 2014 as "excludable time."[3] However, irrespective of the way in which that period is labeled, the fact remains that the circumstances surrounding eighty-nine days of the 108-day delay weigh heavily in favor of dismissal without prejudice because that period of the delay was occasioned upon Defendant's request for more time to prepare for trial.

While there was a substantial, 108-day delay between the expiration of the 70-day speedy-trial clock in this case and the commencement of the defendant's trial,[4] the delay is less than twice the length of the Speedy Trial Act period and the Eleventh Circuit has previously held that a delay of more than twice the length of the statutory Speedy Trial Act period is not so substantial as to require a dismissal with prejudice where a defendant is charged with serious crimes. *Williams*, 314 F.3d at 560-61 (68-day delay that was 2.27 times the length of the 30-day Speedy Trial Act period for indictment). Other courts have similarly held that equivalent delays and even longer delays beyond the Speedy Trial Act's periods did not compel dismissal with prejudice. *See, e.g., Barnes*, 159 F.3d at 15-16, 18 (delay of 121 non-excludable days beyond 70-day Speedy Trial Act period); *United States v. Jones*, 213 F.3d 1253, 1256-58 (10th Cir. 2000) (delay of more than 300 non-excludable days beyond 70-day Speedy Trial Act period);

---

[3] If post-expiration delays can be considered excludable, this time would be excludable because the granting of the continuance was "in the interest of justice and the best interest of the Defendant and the public" to allow the defense sufficient time to investigate the defendant's case and prepare for trial. DE 24; DE 92 at 87-93; DE 57; *see also* 18 U.S.C. § 3161(h)(7)(A) & 3161(h)(7)(B)(iv).

[4] Alternatively, if the period between June 11 and September 8, 2014 is excludable, only nineteen non-excludable days would have elapsed and the delay would be minor (less than one third of the length of the Speedy Trial Act period), and the insubstantial length of the delay would weigh even more heavily in favor of a dismissal without prejudice. *See* 18 U.S.C. §§ 3161(h)(1)(D) & 3161(h)(7); *see also, e.g., United States v. Tinklenberg*, 563 U.S. 647, 653 (2011) (holding that § 3161(h)(1)(D) "stops the Speedy Trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins"); DE 26 (defendant's August 20, 2014 motion to dismiss).

*United States v. Johnson*, 29 F.3d 940, 945-46 (5th Cir. 1994) (delay of "at least 118" non-excludable days beyond 70-day Speedy Trial Act period); *United States v. Saltzman*, 984 F.2d 1087, 1092-95 (10th Cir. 1993) (nearly 6-month delay—six times the length of the applicable Speedy Trial Act's 30-day speedy-indictment period).

While the defendant also claims to have suffered prejudice as a result of the delay in commencing his trial, *see* DE 106 at 7-9, this Court finds that the defendant has not identified any non-speculative prejudice that has impacted his defense or his ability to prepare for trial. Here, the Court finds that the defendant's arguments that delay in commencing trial precluded him from presenting favorable exculpatory testimony from two witnesses is entirely speculative. Indeed, the Court finds that the assertion that those two witnesses would provide testimony that was favorable to the defense is nothing more than speculation that is unsupported by any evidence.[5] The Court further finds that there is no evidence that any delay in commencing the defendant's trial hindered the defense's ability to locate those witnesses or procure their attendance at trial. Under the circumstances present in this case, the Court finds that the delay in this case actually provided the defense with needed additional time to investigate and prepare for trial and did not hinder the defendant's ability to obtain the presence of any witness. Moreover, the defendant's suggestion that the delay in this case prejudiced the defendant by allowing the government an opportunity it otherwise would not have had to obtain inculpatory DNA evidence against the defendant is purely speculative. If the trial in this case had commenced within the Speedy Trial Act period, the government likely would have conducted the same DNA testing

---

[5] Given the evidence that was presented in this case, the testimony that the defendant speculates the uncalled witnesses could have provided is not only cumulative of another defense witness's testimony but is also of highly dubious value to the defense. The Court finds that the defendant was not prejudicially impacted by the absence at trial of such speculative testimony from those witnesses.

earlier and would have introduced the same inculpatory DNA evidence against the defendant during the earlier trial. With respect to the defendant's claim that he suffered adverse effects unrelated to his case as a result of his pre-trial incarceration, the Court finds that the prejudice that the defendant claims is insufficient to warrant a dismissal with prejudice given the facts and circumstances of this case. *See, e.g., Johnson*, 29 F.3d at 946 (recognizing the absence of prejudice occasioned by a 118-day Speedy Trial Act violation where defendant had been incarcerated since before his indictment).

When all of these factors are considered and weighed, including the public interest in the prosecution of the serious crimes charged in this case, it becomes clear that the appropriate remedy for the violation of the Speedy Trial Act that has occurred in this case is a dismissal of the indictment without prejudice.

### III. Conclusion

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that the Motion to Dismiss Indictment with Prejudice **(DE 106)** is **GRANTED IN PART** and **DENIED IN PART**; and it is further **ORDERED** and **ADJUDGED** that the Indictment **(DE 1)** in the above-styled case is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of February, 2017.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All counsel of record